[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 99-2224

TROY JAMES UPHAM,

Plaintiff, Appellant,

v.

CHERYL GALLANT, AS PENOBSCOT COUNTY JAIL ADMINISTRATOR,

Defendant, Appellee.

_____

DOUGLAS LITTLEFIELD,

Defendant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. Eugene W. Beaulieu, U.S. Magistrate Judge]

Before

Torruella, Chief Judge,
Selya and Stahl, Circuit Judges.

September 15, 2000

**Per Curiam**.  Plaintiff/appellant Upham appeals the grant of summary judgment to defendant/appellee Gallant. Upham alleges that, while he was a pretrial detainee in the Penobscot County Jail, his civil rights were violated by Gallant, the jail administrator, because she failed to take reasonable steps to ensure his safety from the violent behavior of another inmate.  We affirm, albeit on grounds different from those relied upon by the court below.

Under the Eighth Amendment, "prison officials . . . must 'take reasonable measures to guarantee the safety of the inmates.'" Giroux v. Somerset County, 178 F.3d 38, 31 (1st Cir. 1999) (quoting Farmer v. Brennan, 511 U.S. 825, 832 (1994) (internal quotations omitted)).  While the provisions of the Eighth Amendment do not extend to pretrial detainees, the Due Process Clause of the Fourteenth Amendment provides them with "rights [which] are at least as great as the Eighth Amendment protections available to a convicted prisoner." Revere v. Massachusetts General Hospital, 463 U.S. 239, 244 (1983); see also Henderson v. Sheahan, 196 F.3d 839, 844 n.2 (7th Cir. 1999) ("Although the Eight Amendment does not extend to pretrial detainees . . . the Due Process Clause of the Fourteenth Amendment

protects pretrial detainees under the same standard as the Eighth Amendment."); Hare v. City of Corinth, 74 F.3d 633, 643 (5th Cir. 1996) (same). Consequently, a pretrial detainee is entitled to have reasonable measures taken to insure his safety. See, e.g., Lopez v. LeMaster, 172 F.3d 756, 759 (10th Cir. 1999) (prison officials are responsible for taking reasonable measures to insure safety of pretrial detainees).

Still, not every injury suffered by a prisoner or pretrial detainee at the hands of a fellow inmate gives rise to a constitutional violation, but only one which, inter alia, results from the "deliberate indifference" of prison officials to the inmate's safety. Giroux, 178 F.3d at 32. Viewed in the light most favorable to Upham, the facts in this case are insufficient to support a finding that Gallant acted with deliberate indifference.

Upham alleges that Gallant caused his injury because she failed to institute a policy which would have prevented Upham's being assigned to a cell in which he was exposed to danger. However, for a supervisor to be liable under § 1983 for failure to control her subordinates, it must be shown that her failure to act caused the violation "in the sense that it could be characterized as supervisory

encouragement, condonation, or acquiescence or gross negligence amounting to deliberate indifference." Lipsett v. University of Puerto Rico, 864 F.2d 881, 902 (1st Cir. 1988) (quotations omitted). Gallant's policy of leaving cell assignment to the discretion of lower level jail personnel, subject to administrative review, cannot be so characterized. Moreover, "[a]n important factor in making the determination of liability is whether the official was put on some kind of notice of the alleged violations; for one cannot make a 'deliberate' or 'conscious' choice to act or not to act unless confronted with a problem that requires the taking of affirmative steps." Id. (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 483 (1986)); see also Jane Doe "A" v. Special School District, 901 F.2d 642, 645 (8th Cir. 1990) (for supervisor to be subject to liability, plaintiff must show, inter alia, that supervisor had "received notice of a pattern of unconstitutional acts committed by subordinates"). In the instant case, the record fails to allege even a single prior incident which might have put Gallant on notice that present procedures were inadequate or that her failure to institute further policies had resulted in, or in the future would likely result in, the violation of an inmate's constitutional

rights.    Consequently,  Gallant  cannot  be  liable  under section 1983 for Upham's injuries.

Affirmed.    See 1st Cir. Loc. R. 27(c).